**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                              :

In re:                          :      Chapter 11

                              :

EGENIX, INC.,                :      Case No. 14-12818 (BLS)

                              :

           Debtor.[1]         :

                              :

---------------------------------------------------------- x

**GENERAL NOTES PERTAINING TO SCHEDULES
AND STATEMENT OF FINANCIAL AFFAIRS**

On December 28, 2014 (the "Petition Date"), Egenix, Inc., as debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which case is being administered as Case No. 14-12818 (BLS). With the assistance of its professionals, the Debtor's management prepared the Schedules of Assets and Liabilities (collectively, the "Schedules") and Statement of Financial Affairs (the "SOFA" and, together with the Schedules, the "Schedules and SOFA") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFA are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the financial statements.

Although the Debtor's management has made every reasonable effort to ensure that the Schedules and SOFA are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery of inadvertent errors or omissions may result in material changes to the Schedules and SOFA. The information provided herein, except as otherwise noted, is as of the close of business on December 27, 2014, unless otherwise stated. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFA. Accordingly, the Schedules and SOFA remain subject to further review and verification by the Debtor. The Debtor reserves its right to amend the Schedules and SOFA from time to time as may be necessary or appropriate. These general notes regarding the Schedules and SOFA (the "General Notes") comprise an integral part of the Schedules and SOFA filed by the Debtor and should be referenced in connection with any review of the Schedules and SOFA. Nothing contained in the Schedules and SOFA shall constitute a waiver of any rights or claims of the Debtor against any third party, or in or with respect to any aspect of this chapter 11 case.

---

[1]      The last four digits of the Debtor's federal tax identification number are 0172. The mailing address for the Debtor is 2363 Clove Road, LaGrangeville, NY 12540.

1.    <u>Information Subject to Confidentiality</u>.  The Debtor has deemed it necessary and appropriate to redact from the public record addresses of its employees and certain other individuals.

2.    <u>Amendments</u>.  The Debtor reserves the right to amend and/or supplement the Schedules and SOFA as necessary and/or appropriate.

3.    <u>Asset Presentation</u>.  Unless otherwise stated, each asset and liability of the Debtor is shown on the basis of the net book value of the asset or liability in the Debtor's unaudited accounting books and records, and of December 27, 2014, and not on the basis of current market values of such interest in property and/or liabilities.  The Debtor reserves its right to amend or adjust the value of each asset or liability set forth herein.

4.    <u>Liabilities</u>.  The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFA.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change, and the Debtor reserves the right to change the allocation of liability to the extent such additional information becomes available.

The liabilities listed on the Schedules do not reflect any analysis of Bankruptcy Code section 503(b)(9) claims.  Accordingly, the entire amount of a prepetition liability for goods delivered in the twenty (20) days prior to the Petition Date is commingled with a particular creditor's other open liabilities reflected in the Debtor's accounts payable system.

5.    <u>Estimates</u>.  To close the books and records of the Debtor as of the Petition Date, the Debtor was required to make certain estimates and assumptions that affect the reported amounts of its assets, liabilities, revenue and expenses.

6.    <u>Causes of Action</u>.  Despite reasonable efforts, the Debtor might not have identified and/or set forth all of its causes of action against third parties in its Schedules and SOFA.  The Debtor reserves any and all of its rights with respect to any causes of action it may have, and neither these General Notes nor the Schedules and SOFA shall be deemed a waiver of any such causes of action.

7.    <u>Claims Description</u>.  Any failure to designate a claim on the Schedules and/or SOFA as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such claim is not "disputed," "contingent" or "unliquidated."  The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFA as to amount, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment.

8.    <u>Property and Equipment</u>.  Nothing in the Schedules or SOFA (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtor reserves all its rights with respect to such issues.

2

9.    _Insiders_.  In the circumstance where the Schedules and SOFA require information regarding insiders and/or officers and directors, the Debtor has attempted to include therein the Debtor's (a) "directors" (or persons in similar positions) and (b) employees that may be, or may have been during the relevant period, "officers," as such terms are defined in the Bankruptcy Code or other applicable law.  The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are hereby expressly reserved.

10.    _Intellectual Property Rights_.  Exclusion of certain intellectual property from the Schedules and SOFA shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

11.    _Excluded Assets and Liabilities_.  The Debtor has excluded certain accrued liabilities, including accrued salaries, employee benefits, and tax accruals from the Schedules and SOFA.

12.    _Specific Notes_.  These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFA.  Disclosure of information in one Schedule, the SOFA, an exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, the SOFA or any exhibits or continuation sheets.

13.    _Totals_.  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

14.    _Unliquidated Claim Amounts_.  Claim amounts that could not be fairly quantified by the Debtor are scheduled as "undetermined."

15.    _General Reservation of Rights_.  The Debtor specifically reserves the right to amend, modify, supply, correct, change or alter any part of its Schedules and SOFA as and to the extent necessary as it deems appropriate.

Specific Disclosures With Respect to the Debtor's Schedules

16.    _Schedule E – Creditors Holding Unsecured Priority Claims_.  The listing of any claim on Schedule E does not constitute an admission by the Debtor that such claim is entitled to priority under section 507(a) of the Bankruptcy Code.  The Debtor reserves the right to dispute the priority status of any claim on any basis.

17.    _Schedule F – Creditors Holding Unsecured Nonpriority Claims_.  Although the Debtor has made a reasonable attempt to set forth its unsecured obligations in Schedule F, the liabilities identified therein are derived from the Debtor's books and records, which may not be entirely accurate.  Accordingly, the actual amount of claims against the Debtor may vary from

the represented liabilities.  Parties in interest should not accept that any listed liability necessarily reflects the correct amount of any unsecured creditor's allowed claim or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in this case will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFA.

The claims listed on Schedule F arose or were incurred on various dates and, in certain instances, the date on which a claim arose may be unknown or subject to dispute.  Because fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive, the Debtor has not listed a date for the claims listed on Schedule F.

Schedule F does not include employee withholding obligations of the Debtor, such as garnishments and child support, which the Debtor remits directly to the applicable authority.  In addition, Schedule F does not include certain deferred charges, deferred liabilities or accruals.

Schedule F does not include potential rejection damages claims, if any, of counterparties to executory contracts or unexpired leases that may be rejected by the Debtor.

18.     Schedule G – Executory Contracts and Unexpired Leases.  Although the Debtor has made every effort to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtor hereby reserves all of its rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations may not be set forth separately on Schedule G.  In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as easements, rights of way, subordination agreements, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may not be set forth in Schedule G.

The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtor may be party to certain agreements that have expired by their terms.  Out of an abundance of caution, the Debtor has listed certain such agreements on Schedule G.  The Debtor's inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission of those contracts from Schedule G.

The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract.  The Debtor reserves the right to dispute the

effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

<u>Specific Disclosures With Respect to the Debtor's SOFA</u>

19.     <u>Statement 3b</u>.  Statement 3b excludes (a) employee withholdings such as tax withholdings and benefits withholdings remitted by the Debtor to the applicable authorities; and (b) amounts paid to insiders (which are reflected in Statement 3c).

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: EGENIX, INC.,                                    Case No: 14-12818 (BLS)
                         Debtor                          Chapter 11

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None", mark the box labeled "None"** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

Pursuant to Rule 1009 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby reserves the right to amend this statement of financial affairs from time to time and at any time to, among other things, correct errors and/or omissions.

**1. Income from employment or operation of business**

[X]

None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**2. Income other than from employment or operation of business**

[ ]

None

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Period | Source (If more than one) |
|---|---|---|
| 0.00 | 2014 | |
| 9,215.00 | 2013 | OTHER INCOME |
| 0.00 | 2012 | |

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

[X]

None

3a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

[ ]

None

3b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|---|
| | AARP<br>601 E STREET, NW<br>WASHINGTON, DC 20049 | 11/13/2014 | $15.00 | SEE FOOTNOTE |
| | ADVANCED CHIMNEY, INC.<br>710-1 UNION PARKWAY<br>DC, NY 11779 | 12/10/2014 | $56.35 | SEE FOOTNOTE |
| | AMERICAN EXPRESS (52001)<br>P.O. BOX 1270<br>NEWARK, NJ 07101-1270 | 10/29/2014 | $136.08 | SEE FOOTNOTE |
| | AMERICAN EXPRESS (55008)<br>P.O. BOX 1270<br>NEWARK, NJ 07101-1270 | 12/1/2014 | $195.00 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|---|
| | AMERICAN EXPRESS (85002)<br>P.O. BOX 1270<br>NEWARK, NJ 07101-1270 | 11/3/2014 | $69.16 | SEE FOOTNOTE |
| | AMERICAN EXPRESS (95005)<br>P.O. BOX 1270<br>NEWARK, NJ 07101-1270 | 11/19/2014 | $450.00 | SEE FOOTNOTE |
| | ARNOFF RECORDS MANAGEMENT<br>1282 DUTCHESS TURNPIKE<br>POUGHKEEPSIE, NY 12603 | 12/4/2014 | $142.86 | SEE FOOTNOTE |
| | ARNOFF RECORDS MANAGEMENT<br>1282 DUTCHESS TURNPIKE<br>POUGHKEEPSIE, NY 12603 | 11/6/2014 | $142.86 | SEE FOOTNOTE |
| | ARNOFF RECORDS MANAGEMENT<br>1282 DUTCHESS TURNPIKE<br>POUGHKEEPSIE, NY 12603 | 10/6/2014 | $142.86 | SEE FOOTNOTE |
| | BANK OF MILLBROOK (LOAN 66143901)<br>P.O. BOX AF<br>MILLBROOK, NY 12545 | 12/4/2014 | $940.36 | SEE FOOTNOTE |
| | BANK OF MILLBROOK (LOAN 66143901)<br>P.O. BOX AF<br>MILLBROOK, NY 12545 | 10/10/2014 | $935.36 | SEE FOOTNOTE |
| | BIODIRECT INC<br>245 CONSTITUTION DRIVE<br>TAUNTON, MA 02780 | 12/22/2014 | $23,773.44 | SEE FOOTNOTE |
| | CAPITAL ONE (5207)<br>P.O. BOX 71083<br>CHARLOTTE, NC 28272-1083 | 12/1/2014 | $732.23 | SEE FOOTNOTE |
| | CAPITAL ONE (5207)<br>P.O. BOX 71083<br>CHARLOTTE, NC 28272-1083 | 10/29/2014 | $787.99 | SEE FOOTNOTE |
| | CAPITAL ONE (5207)<br>P.O. BOX 71083<br>CHARLOTTE, NC 28272-1083 | 10/1/2014 | $717.99 | SEE FOOTNOTE |
| | CAPITAL ONE GM (3032)<br>CAPITAL ONE CARD SERVICES<br>P.O. BOX 71107<br>CHARLOTTE, NC 28272-1107 | 12/11/2014 | $101.25 | SEE FOOTNOTE |
| | CAYMAN CHEMICAL COMPANY, INC.<br>5025 VENTURE DRIVE<br>ANN ARBOR, MI 48108 | 12/27/2014 | $18,000.00 | SEE FOOTNOTE |
| | CENTRAL HUDSON GAS & ELECTRIC<br>284 SOUTH AVE.<br>POUGHKEEPSIE, NY 12601-4839 | 12/8/2014 | $1,070.22 | SEE FOOTNOTE |
| | CENTRAL HUDSON GAS & ELECTRIC<br>284 SOUTH AVE.<br>POUGHKEEPSIE, NY 12601-4839 | 10/10/2014 | $1,026.93 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|---|
| | CENTRAL PRESS<br>P.O. BOX AAA<br>3293 FRANKLIN AVE.<br>MILLBROOK, NY 12545 | 12/18/2014 | $362.22 | SEE FOOTNOTE |
| | CENTRAL PRESS<br>P.O. BOX AAA<br>3293 FRANKLIN AVE.<br>MILLBROOK, NY 12545 | 11/3/2014 | $550.36 | SEE FOOTNOTE |
| | CITI BUSINESS CC (0032)<br>P.O. BOX 183037<br>COLUMBUS, OH 43218-3037 | 12/1/2014 | $75.00 | SEE FOOTNOTE |
| | DELAWARE SECRETARY OF STATE<br>DIVISION OF CORPORATIONS<br>P.O. BOX 11728<br>NEWARK, NJ 07101-4728 | 11/10/2014 | $523.00 | SEE FOOTNOTE |
| | DINERS CLUB (XXXX 4799)<br>P.O. BOX 6012<br>CAROL STREAM, IL 60197-6012 | 11/24/2014 | $341.59 | SEE FOOTNOTE |
| | DINERS CLUB (XXXX 4799)<br>P.O. BOX 6012<br>CAROL STREAM, IL 60197-6012 | 10/21/2014 | $428.14 | SEE FOOTNOTE |
| | EASTERN PEST MANAGEMENT<br>56 N.ORTH PLANK ROAD, SUITE 1<br>P.O. BOX 489<br>NORTH BERWICK, NY 12550 | 12/1/2014 | $102.72 | SEE FOOTNOTE |
| | EMY DERYCE<br>C/O SLOAN KETTERING<br>417 E 68TH ST., Z-1306<br>NEW YORK, NY 10065 | 11/18/2014 | $273.60 | SEE FOOTNOTE |
| | FEDERAL EXPRESS<br>P.O. BOX 371461<br>PITTSBURGH, PA 15250-7461 | 12/8/2014 | $69.71 | SEE FOOTNOTE |
| | FEDERAL EXPRESS<br>P.O. BOX 371461<br>PITTSBURGH, PA 15250-7461 | 12/4/2014 | $60.21 | SEE FOOTNOTE |
| | FEDERAL EXPRESS<br>P.O. BOX 371461<br>PITTSBURGH, PA 15250-7461 | 11/10/2014 | $125.09 | SEE FOOTNOTE |
| | FEDERAL EXPRESS<br>P.O. BOX 371461<br>PITTSBURGH, PA 15250-7461 | 10/27/2014 | $19.29 | SEE FOOTNOTE |
| | FEDERAL EXPRESS<br>P.O. BOX 371461<br>PITTSBURGH, PA 15250-7461 | 10/21/2014 | $105.06 | SEE FOOTNOTE |
| | FEDERAL EXPRESS<br>P.O. BOX 371461<br>PITTSBURGH, PA 15250-7461 | 10/6/2014 | $57.77 | SEE FOOTNOTE |
| | GERALD W. SHIPPS<br>ADDRESS INTENTIONALLY OMITTED | 10/20/2014 | $5,250.00 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---------|------------------------------|----------------------------|-----------------------------------|--------------------|
| | GERALD W. SHIPPS EXP ADDRESS INTENTIONALLY OMITTED | 12/19/2014 | $161.20 | SEE FOOTNOTE |
| | GERALD W. SHIPPS EXP ADDRESS INTENTIONALLY OMITTED | 10/20/2014 | $547.22 | SEE FOOTNOTE |
| | HANS-GUIDO WENDEL MEMORIAL SLOAN KETTERING CANCER CENTER 1275 YORK AVENUE NEW YORK, NY 10065 | 11/18/2014 | $548.30 | SEE FOOTNOTE |
| | INTERCALL 15274 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | 12/18/2014 | $360.86 | SEE FOOTNOTE |
| | INTERCALL 15273 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | 11/13/2014 | $382.49 | SEE FOOTNOTE |
| | INTERCALL 15272 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | 10/21/2014 | $405.44 | SEE FOOTNOTE |
| | JEDD F. LEVINE ADDRESS INTENTIONALLY OMITTED | 12/4/2014 | $256.07 | SEE FOOTNOTE |
| | JEDD F. LEVINE ADDRESS INTENTIONALLY OMITTED | 10/30/2014 | $256.07 | SEE FOOTNOTE |
| | JEDD F. LEVINE ADDRESS INTENTIONALLY OMITTED | 10/10/2014 | $225.23 | SEE FOOTNOTE |
| | JP MORGAN (5663) CARDMEMBER SERVICE P.O. BOX 15154 WILMINGTON, DE 19850-5123 | 11/13/2014 | $1,755.14 | SEE FOOTNOTE |
| | JP MORGAN (5663) CARDMEMBER SERVICE P.O. BOX 15153 WILMINGTON, DE 19850-5123 | 10/21/2014 | $2,952.81 | SEE FOOTNOTE |
| | KATHERINE PLATT ADDRESS INTENTIONALLY OMITTED | 12/12/2014 | $700.00 | SEE FOOTNOTE |
| | KATHERINE PLATT ADDRESS INTENTIONALLY OMITTED | 11/27/2014 | $817.00 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---------|------------------------------|----------------------------|-----------------------------------|--------------------|
| | KATHERINE PLATT<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/4/2014 | $700.00 | SEE FOOTNOTE |
| | KEVIN J. PORTER<br>ADDRESS INTENTIONALLY<br>OMITTED | 12/1/2014 | $45.00 | SEE FOOTNOTE |
| | KIRSHON & COMPANY, P.C.<br>311 MILL STREET<br>POUGHKEEPSIE, NY 12601 | 10/27/2014 | $5,000.00 | SEE FOOTNOTE |
| | LAUREN PLATT<br>C/O KATHERINE PLATT<br>ADDRESS INTENTIONALLY<br>OMITTED | 12/12/2014 | $40.00 | SEE FOOTNOTE |
| | M&T BANK 0790 MORTGAGE<br>(DCF)<br>P.O. BOX 62183<br>BALTIMORE, MD 21264-2182 | 12/4/2014 | $7,203.75 | SEE FOOTNOTE |
| | M&T BANK 0790 MORTGAGE<br>(DCF)<br>P.O. BOX 62182<br>BALTIMORE, MD 21264-2182 | 10/6/2014 | $7,202.75 | SEE FOOTNOTE |
| | M&T BANK 4998<br>P.O. BOX 62146<br>BALTIMORE, MD 21264-2146 | 11/24/2014 | $961.37 | SEE FOOTNOTE |
| | M&T BANK 4998<br>P.O. BOX 62146<br>BALTIMORE, MD 21264-2146 | 10/29/2014 | $931.33 | SEE FOOTNOTE |
| | MARONA'S MARKET (DCF)<br>P.O. BOX 606<br>MILLBROOK, NY 12545 | 12/8/2014 | $128.37 | SEE FOOTNOTE |
| | MARONA'S MARKET (DCF)<br>P.O. BOX 606<br>MILLBROOK, NY 12545 | 10/6/2014 | $254.85 | SEE FOOTNOTE |
| | MEGHAN REYNOLDS<br>ADDRESS INTENTIONALLY<br>OMITTED | 12/26/2014 | $2,500.00 | SEE FOOTNOTE |
| | MICHAEL A. PATANE<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/14/2014 | $368.52 | SEE FOOTNOTE |
| | MILLBROOK PHARMACY<br>3272 FRANKLIN AVE.<br>MILLBROOK, NY 12545 | 11/6/2014 | $436.40 | SEE FOOTNOTE |
| | MILLBROOK PHARMACY<br>3272 FRANKLIN AVE.<br>MILLBROOK, NY 12545 | 10/10/2014 | $278.96 | SEE FOOTNOTE |
| | NEW ENGLAND CLEANERS<br>P.O. BOX B<br>MILLERTON, NY 12546 | 12/3/2014 | $155.90 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---------|------------------------------|---------------------------|-----------------------------------|--------------------|
| | NEW ENGLAND CLEANERS P.O. BOX B MILLERTON, NY 12546 | 11/3/2014 | $143.45 | SEE FOOTNOTE |
| | NEW ENGLAND CLEANERS P.O. BOX B MILLERTON, NY 12546 | 10/1/2014 | $222.00 | SEE FOOTNOTE |
| | NYS INSURANCE FUND 5072 WORKERS COMPENSATION P.O. BOX 5238 NEW YORK, NY 10008-5238 | 10/30/2014 | $569.97 | SEE FOOTNOTE |
| | NYS INSURANCE FUND 5562 WORKERS COMPENSATION P.O. BOX 5238 NEW YORK, NY 10008-5238 | 11/10/2014 | $125.68 | SEE FOOTNOTE |
| | NYS INSURANCE FUND 5562 WORKERS COMPENSATION P.O. BOX 5238 NEW YORK, NY 10008-5238 | 10/10/2014 | $125.69 | SEE FOOTNOTE |
| | OPTIMUM CABLEVISION 6011 (EGN) CABLEVISION P.O BOX 9256 CHELSEA, MA 02150-9256 | 11/19/2014 | $276.46 | SEE FOOTNOTE |
| | OPTIMUM CABLEVISION 6011 (EGN) CABLEVISION P.O BOX 9256 CHELSEA, MA 02150-9256 | 10/21/2014 | $275.46 | SEE FOOTNOTE |
| | PARAZA PHARMA 7171 FREDERICK-BANTING MONTREAL H4S1Z9 CANADA | 12/18/2014 | $158,600.00 | SEE FOOTNOTE |
| | PARAZA PHARMA 7172 FREDERICK-BANTING MONTREAL H4S1Z9 CANADA | 11/25/2014 | $34,130.00 | SEE FOOTNOTE |
| | PARAZA PHARMA 7173 FREDERICK-BANTING MONTREAL H4S1Z9 CANADA | 10/27/2014 | $39,340.00 | SEE FOOTNOTE |
| | PARAZA PHARMA 7173 FREDERICK-BANTING MONTREAL H4S1Z9 CANADA | 9/29/2014 | $125,000.00 | SEE FOOTNOTE |
| | PAYCHEX 800 CONNECTICUT AVENUE SUITE 2 NORTH NORWALK, CT 06854 | 12/15/2014 | $2,500.00 | SEE FOOTNOTE |
| | PAYCHEX 800 CONNECTICUT AVENUE SUITE 2 NORTH NORWALK, CT 06854 | 11/28/2014 | $2,500.00 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|---|
| | PAYCHEX<br>800 CONNECTICUT AVENUE<br>SUITE 2 NORTH<br>NORWALK, CT 06854 | 11/15/2014 | $2,500.00 | SEE FOOTNOTE |
| | PAYCHEX<br>800 CONNECTICUT AVENUE<br>SUITE 2 NORTH<br>NORWALK, CT 06854 | 11/4/2014 | $115.00 | SEE FOOTNOTE |
| | PAYCHEX<br>800 CONNECTICUT AVENUE<br>SUITE 2 NORTH<br>NORWALK, CT 06854 | 10/30/2014 | $2,500.00 | SEE FOOTNOTE |
| | PAYCHEX<br>800 CONNECTICUT AVENUE<br>SUITE 2 NORTH<br>NORWALK, CT 06854 | 10/15/2014 | $2,500.00 | SEE FOOTNOTE |
| | PAYCHEX<br>800 CONNECTICUT AVENUE<br>SUITE 2 NORTH<br>NORWALK, CT 06854 | 9/29/2014 | $2,500.00 | SEE FOOTNOTE |
| | PR NEWSWIRE ASSOCIATION, LLC<br>G.P.O. BOX 5897<br>NEW YORK, NY 10087-5897 | 10/29/2014 | $195.00 | SEE FOOTNOTE |
| | PURCHASE POWER<br>PO BOX 371874<br>PITTSBURGH, PA 15250-7874 | 12/19/2014 | $180.00 | SEE FOOTNOTE |
| | PURCHASE POWER<br>PO BOX 371874<br>PITTSBURGH, PA 15250-7874 | 11/19/2014 | $10.00 | SEE FOOTNOTE |
| | RACQUET & TENNIS CLUB (DCF)<br>P.O. BOX 1107<br>MILLBROOK, NY 12545 | 12/10/2014 | $100.00 | SEE FOOTNOTE |
| | RAINER FUCHS<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/20/2014 | $713.13 | SEE FOOTNOTE |
| | RICH SIEGEL<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/19/2014 | $325.00 | SEE FOOTNOTE |
| | SLAMMIN SALMON<br>ADDRESS INTENTIONALLY<br>OMITTED | 12/11/2014 | $135.99 | SEE FOOTNOTE |
| | SLAMMIN SALMON<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/13/2014 | $46.18 | SEE FOOTNOTE |
| | SLAMMIN SALMON<br>ADDRESS INTENTIONALLY<br>OMITTED | 10/10/2014 | $35.37 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---------|------------------------------|----------------------------|-----------------------------------|--------------------|
| | STEPHAN VAGNER ADDRESS INTENTIONALLY OMITTED | 11/19/2014 | $2,716.81 | SEE FOOTNOTE |
| | STONE & CO. DESIGNS, INC. 28 BRUCE PARK AVE. GREENWICH, CT 06830 | 10/30/2014 | $3,704.44 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 12/11/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 12/4/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 11/27/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 11/20/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 11/13/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 11/6/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 10/30/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 10/27/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 10/20/2014 | $200.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 10/9/2014 | $220.00 | SEE FOOTNOTE |
| | SUSANNA IBARRA ADDRESS INTENTIONALLY OMITTED | 10/2/2014 | $200.00 | SEE FOOTNOTE |
| | TAYLOR OIL, INC. P.O. BOX 1199 28 TINKERTOWN ROAD DOVER PLAINS, NY 12522 | 11/24/2014 | $931.10 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|---|
| | TAYLOR OIL, INC.<br>P.O. BOX 1199<br>28 TINKERTOWN ROAD<br>DOVER PLAINS, NY 12522 | 11/6/2014 | $428.69 | SEE FOOTNOTE |
| | TAYLOR OIL, INC.<br>P.O. BOX 1199<br>28 TINKERTOWN ROAD<br>DOVER PLAINS, NY 12522 | 10/30/2014 | $1,169.42 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 12/17/2014 | $157.50 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 12/4/2014 | $161.25 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/24/2014 | $255.00 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/14/2014 | $105.00 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/13/2014 | $120.00 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/10/2014 | $60.00 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/6/2014 | $97.50 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 11/5/2014 | $97.50 | SEE FOOTNOTE |
| | VAN FISHER<br>ADDRESS INTENTIONALLY<br>OMITTED | 10/30/2014 | $360.00 | SEE FOOTNOTE |
| | VERIZON (2240) 845-677-6864<br>P.O. BOX 15124<br>ALBANY, NY 12250-0001 | 10/6/2014 | $47.17 | SEE FOOTNOTE |
| | VERIZON (2240) 845-677-6865<br>P.O. BOX 15124<br>ALBANY, NY 12250-0001 | 11/4/2014 | $47.16 | SEE FOOTNOTE |
| | VERIZON WIRELESS 00001 (5459)<br>P.O. BOX 408<br>NEWARK, NJ 07101-0408 | 12/10/2014 | $162.75 | SEE FOOTNOTE |

**3b. (continuation)**

| Vendor# | Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|---|
| | VERIZON WIRELESS 00001 (5459) P.O. BOX 408 NEWARK, NJ 07101-0408 | 11/13/2014 | $111.62 | SEE FOOTNOTE |
| | VERIZON WIRELESS 00001 (5459) P.O. BOX 408 NEWARK, NJ 07101-0408 | 10/21/2014 | $111.62 | SEE FOOTNOTE |
| | W.R. BISHOP ONCOLOGY CONSULTING 17 HOPPER AVE. POMPTON PLAINS, NY 07444 | 11/19/2014 | $1,074.74 | SEE FOOTNOTE |
| | WELSH SANITATION P.O. BOX 1209 HOPEWELL JUNCTION, NY 12533 | 12/8/2014 | $169.06 | SEE FOOTNOTE |
| | WELSH SANITATION P.O. BOX 1209 HOPEWELL JUNCTION, NY 12533 | 10/6/2014 | $169.06 | SEE FOOTNOTE |
| | YAMAUCHI MASON, LLC 60 TUFTS STREET SUITE 17 SOMERVILLE, MA 02145 | 12/12/2014 | $12,353.25 | SEE FOOTNOTE |

FOOTNOTE: TO THE EXTENT AMOUNTS ARE STILL OWING, THOSE AMOUNTS ARE REPORTED IN THE SCHEDULES OF ASSETS AND LIABILITIES AT SCHEDULES D, E AND/OR F.

---

☐ None
3c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Vendor# | Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|---|---|
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 12/15/2014 | $150,000.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 11/4/2014 | $25,000.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 10/10/2014 | $1,209.02 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 10/6/2014 | $1,220.57 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 10/6/2014 | $946.26 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 10/2/2014 | $504.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 9/8/2014 | $731.00 | SEE FOOTNOTE |

**3c. (continuation)**

| Vendor# | Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|---|---|
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 9/8/2014 | $3,751.74 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 8/7/2014 | $650.22 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 8/6/2014 | $4,365.98 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 8/5/2014 | $1,176.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 7/25/2014 | $18,000.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 7/11/2014 | $50,000.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 7/10/2014 | $344.11 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 7/7/2014 | $2,556.51 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 6/19/2014 | $720.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 6/18/2014 | $653.49 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 6/12/2014 | $839.94 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 6/6/2014 | $1,445.32 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 5/12/2014 | $743.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 5/12/2014 | $2,780.79 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 5/7/2014 | $4,625.89 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 4/25/2014 | $1,666.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 4/8/2014 | $760.93 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 4/8/2014 | $754.64 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 4/8/2014 | $1,598.19 | SEE FOOTNOTE |

**3c. (continuation)**

| Vendor# | Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|---|---|
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 3/10/2014 | $328.22 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 3/7/2014 | $161.43 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 2/18/2014 | $955.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 2/18/2014 | $2,003.81 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 2/14/2014 | $2,004.05 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 2/14/2014 | $8,957.68 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 2/14/2014 | $4,299.48 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 2/7/2014 | $5,000.43 | SEE FOOTNOTE |
| | CURRENT DIRECTOR AND FORMER CEO | DONALD FRESNE ADDRESS INTENTIONALLY OMITTED | 12/26/2013 | $20,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 12/3/2014 | $2,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 11/20/2014 | $12,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 10/30/2014 | $2,500.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 10/20/2014 | $3,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 10/7/2014 | $3,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 10/1/2014 | $1,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 9/16/2014 | $5,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 8/14/2014 | $3,500.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 7/25/2014 | $1,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 7/10/2014 | $2,535.00 | SEE FOOTNOTE |

**3c. (continuation)**

| Vendor# | Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|---|---|
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 7/7/2014 | $1,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 6/25/2014 | $1,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 6/3/2014 | $3,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 5/22/2014 | $3,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 5/19/2014 | $5,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 5/13/2014 | $1,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 5/2/2014 | $7,000.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 4/15/2014 | $1,500.00 | SEE FOOTNOTE |
| | COMPANY OWNED BY CURRENT DIRECTOR & FORMER CEO DONALD FRESNE | DUTCHESS MANAGEMENT P.O. BOX 1107 MILLBROOK, NY 12545 | 2/19/2014 | $335.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (EXPENSES) ADDRESS INTENTIONALLY OMITTED | 9/18/2014 | $375.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (EXPENSES) ADDRESS INTENTIONALLY OMITTED | 8/28/2014 | $1,127.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (EXPENSES) ADDRESS INTENTIONALLY OMITTED | 5/29/2014 | $779.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (EXPENSES) ADDRESS INTENTIONALLY OMITTED | 3/14/2014 | $1,731.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (EXPENSES) ADDRESS INTENTIONALLY OMITTED | 2/10/2014 | $422.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (EXPENSES) ADDRESS INTENTIONALLY OMITTED | 1/10/2014 | $275.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (PAYROLL) ADDRESS INTENTIONALLY OMITTED | 6/13/2014 | $2,000.00 | SEE FOOTNOTE |
| | FORMER CFO | NICHOLAS ROSSETTOS (PAYROLL) ADDRESS INTENTIONALLY OMITTED | 2/14/2014 | $3,125.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR | RICHARD KENT ADDRESS INTENTIONALLY OMITTED | 10/15/2014 | $1,000.00 | SEE FOOTNOTE |
| | CURRENT DIRECTOR | RICHARD KENT ADDRESS INTENTIONALLY OMITTED | 7/7/2014 | $1,000.00 | SEE FOOTNOTE |

**3c. (continuation)**

| Vendor# | Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Amount Still Owing |
|---------|------------------------|------------------------------|-----------------|-------------|---------------------|
| | CURRENT DIRECTOR | RICHARD KENT ADDRESS INTENTIONALLY OMITTED | 3/3/2014 | $1,000.00 | SEE FOOTNOTE |

FOOTNOTE: TO THE EXTENT AMOUNTS ARE STILL OWING, THOSE AMOUNTS ARE REPORTED IN THE SCHEDULES OF ASSETS AND LIABILITIES AT SCHEDULES D, E AND/OR F.

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**[X] None**  4a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] None**  4b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

**[X] None**  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

**[X] None**  6a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] None**  6b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

☐ None

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name And Address of Person or Organization | Relationship to Debtor, If any | Date of Gift | Description of Gift | Value |
|---|---|---|---|---|
| BOSTON SYMPHONY SYMPHONY HALL BOSTON, MA 02115 | | 10/29/2014 | CASH DONATION | $75.00 |

**8. Losses**

☒ None

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

☐ None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Name and Address of Payee | Name of Payor if other than Debtor | Date of Payment | Amount of Money or Description and Value of Property |
|---|---|---|---|
| COLE, SCHOTZ, MEISEL FORMAN & LEONARD P.A. 900 THIRD AVENUE 16TH FLOOR NEW YORK, NY 10022-4728 | | 12/24/2014 | $200,000.00 |
| DEVONSHIRE HOLIDINGS, INC. 2363 CLOVE ROAD LAGRANGEVILLE, NY 12540 | | 12/26/2014 | $40,000.00 |

**10. Other transfers**

☒ None

10a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ None

10b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

[X] None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is filed.)

**12. Safe deposit boxes**

[X] None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

[X] None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

[X] None

List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

[ ] None

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| P.O. BOX L<br>69 NORTH TOWER HILL ROAD<br>MILLBROOK, NY 12545 | EGENIX, INC. | 2008 TO DECEMBER 4, 2014 |
| 2363 CLOVE ROAD<br>LAGRANGEVILLE, NY 12540 | EGENIX, INC. | DECEMBER 5, 2014 TO PRESENT |

**16. Spouses and Former Spouses**

[X] None

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



17a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and if known, the Environmental Law:



17b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.



17c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

☐
None

18a. If the debtor is an individual, list the names and addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| Name and Address | Last four digits of Soc. Sec. No./Complete EIN or Other Taxpayer I.D. No. | Nature Of Business | Beginning and Ending dates of Operation |
|---|---|---|---|
| ABT-E, LLC<br>P.O. BOX L<br>69 NORTH TOWER ROAD<br>MILLBROOK, NY 12546 | UNKNOWN | RESEARCH AND DEVELOPMENT OF CANCER THERAPEUTICS | FORMED ON DECEMBER 15, 2005 |
| VGENIX, INC.<br>P.O. BOX L<br>69 NORTH TOWER ROAD<br>MILLBROOK, NY 12545 | UNKNOWN | RESEARCH AND DEVELOPMENT OF CANCER THERAPEUTICS FOR THE VETERINARIAN FIELD | FORMED ON AUGUST 7, 2014 |


X
None

18b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

☐
None

19a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
| NICHOLAS ROSSETTOS<br>ADDRESS INTENTIONALLY OMITTED | JUNE 2007 TO SEPTEMBER 2014 |

☐
None
   19b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
| KIRSHON & COMPANY, P.C.<br>311 MILL STREET<br>POUGHKEEPSIE, NY 12601 | MARCH 2001 TO PRESENT |
| NICHOLAS ROSSETTOS<br>ADDRESS INTENTIONALLY OMITTED | JUNE 2007 TO SEPTEMBER 2014 |

☐
None
   19c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| Name and Address | Dates Services Rendered |
|---|---|
| KIRSHON & COMPANY, P.C.<br>311 MILL STREET<br>POUGHKEEPSIE, NY 12601 | MARCH 2001 TO PRESENT |
| MEGHAN REYNOLDS<br>C/O EGENIX, INC.<br>2363 CLOVE ROAD<br>LAGRANGEVILLE, NY 12540 | MAY 2014 TO PRESENT |
| NICHOLAS ROSSETTOS<br>ADDRESS INTENTIONALLY OMITTED | JUNE 2007 TO SEPTEMBER 2014 |
| THOMAS ARATA, JR.<br>C/O DEVONSHIRE HOLDINGS, INC.<br>2363 CLOVE ROAD<br>LAGRANGEVILLE, NY 12540 | DECEMBER 2014 TO PRESENT |

☒
None
   19d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

**20. Inventories**

☒
None
   20a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒
None
   20b. List the name and address of the person having possession of the records of each of the two inventories reported  in a., above.

**21. Current Partners, Officers, Directors, and Shareholders**

[X] None    21a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

[ ] None    21b. If the debtor is a corporation, list all the officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the corporation.

| Name, Address and Title | Nature of Stock Ownership | Percentage of Stock Ownership |
| --- | --- | --- |
| ANDREA YOUNG<br>DIRECTOR<br>ADDRESS INTENTIONALLY OMITTED | | |
| DENAN, INC.<br>SHAREHOLDER<br>C/O D. YOUNG & A. YOUNG<br>604 BOYLE LANE<br>MCLEAN, VA 22102 | COMMON | UNKNOWN |
| DENDY YOUNG<br>DIRECTOR<br>ADDRESS INTENTIONALLY OMITTED | | |
| DONALD FRESNE<br>DIRECTOR<br>ADDRESS INTENTIONALLY OMITTED | COMMON<br>SERIES A PREFERRED | UNKNOWN<br>UNKNOWN |
| JOHN REID<br>DIRECTOR<br>ADDRESS INTENTIONALLY OMITTED | COMMON | UNKNOWN |
| LIONEL GOLDFRANK<br>CHAIRMAN<br>ADDRESS INTENTIONALLY OMITTED | COMMON<br>SERIES A PREFERRED | UNKNOWN<br>UNKNOWN |
| RICHARD KENT<br>DIRECTOR<br>ADDRESS INTENTIONALLY OMITTED | COMMON | UNKNOWN |

**22. Former partners, officers, directors and shareholders**


[X] None    22a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☐
None

22b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| Name, Address and Title | Date of Termination |
|---|---|
| DONALD FRESNE<br>CEO<br>ADDRESS INTENTIONALLY OMITTED | DEC-14 |
| NICHOLAS ROSSETTOS<br>CFO<br>ADDRESS INTENTIONALLY OMITTED | SEP-14 |

☐
None

**23. Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Relationship To Debtor | Name and Address of Recipient | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property |
|---|---|---|---|
| . | | | |

FOOTNOTE:  INFORMATION REPORTED AT SOFA QUESTION 3C.

☒
None

**24. Tax Consolidation Group**
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

☒
None

**25. Pension Funds**
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

DATE _____January 23, 2015_____          SIGNATURE _____*William T. Nolan*_____

                                                                                    Name: William T. Nolan
                                                                                    Title: Chief Restructuring Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]
Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571