# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re:                                : Chapter 11
:
EGENIX, INC.,                         : Case No. 14-12818 (BLS)
:
Debtor.[1]                            : **Related to Docket No. 246**
:
---------------------------------------------------------x

### ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE; (II) APPROVING BID PROTECTIONS; (III) SCHEDULING AN AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE; AND (IV) APPROVING NOTICE OF RESPECTIVE DATE, TIME AND PLACE FOR AUCTION AND FOR HEARING ON APPROVAL OF THE SALE AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

Upon the motion (the "Motion")[2] of Egenix, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), for entry of an order (the "Order") (i) approving the proposed auction and bidding procedures, which are attached hereto as Exhibit 1 (the "Bidding Procedures"), for the potential sale of substantially all of the Debtor's assets (the "Acquired Assets"); (ii) approving the Break-Up Fee and Expense Reimbursement contained in the Stalking Horse Agreement (together, the "Bid Protections"); (iii) establishing procedures for the assumption and assignment of executory contracts, including notice of proposed cure amounts (the "Assumption and Assignment Procedures"); (iv) approving the form and manner of notice of all procedures, schedules and agreements; and (v) scheduling a hearing (the "Sale Hearing") to approve such sale (the "Sale Transaction"); and this Court having

---

[1] The last four digits of the Debtor's federal tax identification number are 0172. The mailing address for the Debtor is 2363 Clove Road, LaGrangeville, NY 12540.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures.

considered the Motion, and the arguments of counsel made, and the evidence adduced, at the hearing on the Motion (the "Bidding Procedures Hearing"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

## FOUND, CONCLUDED AND DETERMINED THAT:[3]

A.  The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested in the Motion are sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006 and Local Rules 6004-1 and 9006-1(e).

B.  The relief granted herein is in the best interests of the Debtor, its estate and other parties in interest.

C.  The Debtor has articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the Bid Protections, (iii) approve the Assumption and Assignment Procedures, (iv) approve the form and manner of notice of the Motion, the Auction and the Sale Hearing and (v) set the date of the Auction and the Sale Hearing.

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

D. Due, sufficient and adequate notice of the Bidding Procedures Hearing and the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required. The Debtor's notice of the Motion, the proposed entry of this Order, the Bidding Procedures, the Bid Protections, the Assumption and Assignment Procedures, the Auction and the Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

E. The Debtor's proposed notices of (i) the Sale Transaction, (ii) the assumption and assignment of, and Cure Amounts (as defined below) for, the executory contracts to be assumed and assigned (the "Assigned Contracts") to the Successful Bidder (as defined in the Bidding Procedures), (iii) the Stalking Horse Agreement, (iv) the Successful Bidder and (v) the Bidding Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

F. The Bidding Procedures, substantially in the form attached hereto as Exhibit 1, are fair, reasonable and appropriate, were negotiated in good faith by the Debtor and the Stalking Horse Purchaser (as defined below) and represent the best method for maximizing the value of the Debtor's estate in connection with the sale.

G. The Bid Protections were negotiated by the Stalking Horse Purchaser and the Debtor in good faith and at arms' length and are: (i) actual and necessary costs and expenses of preserving the Debtor's estate, within the meaning of sections 503(b), 507(a)(2) and 507(b) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit that the Stalking

3

Horse Purchaser has conferred upon the Debtor's estate; (iii) reasonable and appropriate, in light of the size and nature of the proposed Sale Transaction and comparable transactions, the commitments that have been made and the efforts that the Stalking Horse Purchaser has and will continue to expend; (iv) necessary to induce the Stalking Horse Purchaser to continue to pursue the Sale Transaction and be bound by the Stalking Horse Agreement; and (v) necessary costs of the Sale Transaction and a sound and appropriate exercise of the Debtor's business judgment.

H.      The Assumption and Assignment Procedures are reasonable and appropriate.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Any objections filed in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or at the Bidding Procedures Hearing, are hereby overruled.

3. Bidding Procedures. The Bidding Procedures, substantially in the form attached hereto as Exhibit 1, are approved in all respects. The Bidding Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale Transaction and any party wishing to bid shall comply with the Bidding Procedures and this Order. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4. Stalking Horse Purchaser. For the purposes of the Bidding Procedures: (a) the Stalking Horse Purchaser shall be deemed a Qualified Bidder, (b) the Stalking Horse Agreement shall be deemed a Qualified Bid, and (c) the consideration provided by the Stalking Horse Purchaser in the Stalking Horse Agreement in the form of a credit bid pursuant to section 363(k) of the Bankruptcy Code is hereby approved.

4

5. Bid Deadline. Denan, Inc. or its Permitted Designee (as defined in the Stalking Horse Agreement) (the "Stalking Horse Purchaser") shall be the Successful Bidder unless the following parties receive one or more Qualified Bids (as defined in the Bidding Procedures) in writing, **on or before July 17, 2015 at 5:00 p.m. (Eastern Time)** or such later date as may be agreed to by each of the Debtor and the Consultation Parties (the "Bid Deadline"): (a) Egenix, Inc., 2363 Clove Road, LaGrangeville, NY 12540, Attn: William T. Nolan (wtnolan2@devhold.com); (b) counsel to the Debtor, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: David R. Hurst (dhurst@coleschotz.com); (c) counsel to the Official Committee of Unsecured Creditors (the "Committee"), Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1370, Wilmington, DE 19801, Attn: David W. Carickhoff (dcarickhoff@archerlaw.com); and counsel to the Stalking Horse Purchaser, Morgan Lewis & Bockius, LLP, One Federal Street, Boston, MA 02110, Attn: Andrew J. Gallo (andrew.gallo@morganlewis.com) (collectively, the "Notice Parties").

6. Sale Notice. The Sale Notice, substantially in the form attached hereto as Exhibit 2, is approved in all respects. The Sale Notice shall be served, no later than three (3) business days after entry of this Order (the "Mailing Date"), upon: (a) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets and such other parties identified by the Consultation Parties prior to the date hereof; (b) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Acquired Assets; (c) all federal, state and local taxing authorities which have a reasonably known interest in the relief requested by the Motion; (d) the Office of the United States Attorney for the District of Delaware; (e) the New York Attorney General's office; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; (h) counsel to the Committee; (i) the Office of

the United States Trustee; (j) counterparties to Assigned Contracts; and (k) those parties who have filed the appropriate notice requesting notice of all pleadings filed in the Chapter 11 Case.

7.      On the Mailing Date or as soon thereafter as practicable, the Debtor (or its agents) shall serve by first-class mail, postage prepaid, the Sale Notice upon: (i) all known creditors of the Debtor, as reflected in the Debtor's books and records; and (ii) all known equity security holders of the Debtor, as reflected in the Debtor's books and records.

8.      The Debtor shall publish notice of the proposed Sale Transaction one time in the national edition of *The Wall Street Journal*, *The New York Times* or *USA Today* within five (5) business days after the entry of this Order, or as soon thereafter as practicable. Such publication notice shall be deemed sufficient and proper notice of the Sale Transaction to any other interested parties whose identities are unknown to the Debtor.

9.      Cure Notice and Objections. The notice of proposed cure amounts (the "Cure Notice"), substantially in the form attached hereto as Exhibit 3, is approved in all respects. The Cure Notice shall be served, no later than the Mailing Date, upon: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counterparties to Assigned Contracts; and (vi) those parties who have filed the appropriate notice requesting notice of all pleadings filed in the Chapter 11 Case.

10.     Objections to the cure amounts set forth in the Cure Notice shall be in writing, state with specificity what cure amount is required (with appropriate documentation in support thereof) and be filed with the Court on or before **July 10, 2015 at 4:00 p.m. (Eastern Time)**, and served so as to be received by such objection deadline by the Notice Parties.

11.     If no objection to a proposed cure amount set forth in the Cure Notice is timely filed and received by the Notice Parties, then the cure amount set forth in the Cure Notice

53653/0001-11867820v5

shall be binding upon the non-Debtor party to the Assigned Contract for all purposes, will constitute a final determination of the cure amount required to be paid by the Debtor or the prospective purchaser in connection with the assignment of any such Assigned Contract to the Successful Bidder, and the non-Debtor party to the agreement shall be forever barred from asserting any other claims against the Debtor, the prospective purchaser or the Successful Bidder (as appropriate), or the property of any of them, as to the cure amount.

12. If an objection is filed with respect to a proposed cure amount set forth in the Cure Notice, the dispute with respect to the cure amount may be resolved consensually, if possible, by the parties, or if the parties are unable to resolve their dispute, by this Court at a hearing to be scheduled by the Court.

13. If at any time after the entry of the Bidding Procedures Order the Debtor identifies additional prepetition executory contracts and/or unexpired leases to be assumed and assigned as part of the Sale Transaction, the Debtor shall serve a supplemental Cure Notice in the same matter and on the same parties as the Cure Notice. A contract counterparty receiving any such supplemental Cure Notice shall have until the later of (a) the Sale Objection Deadline (as defined below) or (b) ten (10) days from service of the supplemental Cure Notice to file an objection to the assumption and assignment of its contract(s) and/or leases(s) in accordance with the procedures set forth herein.

14. Auction and Notification of Auction Results. If necessary, the Auction shall be held beginning at **10:00 a.m. (Eastern Time) on July 20, 2015**, at the offices of Cole Schotz P.C., counsel to the Debtor, 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, or such other place and time as the Debtor shall notify all Qualified Bidders, the Stalking Horse Purchaser and its counsel, and counsel to the Committee.

15. If the Debtor does not receive any Qualified Bids, the Auction shall be cancelled, the Stalking Horse Agreement shall be deemed the Successful Bid, and the Debtor shall seek approval of a sale pursuant to the Stalking Horse Agreement at the Sale Hearing.

16. Only the Debtor, the Consultation Parties, the Stalking Horse Purchaser and any other Qualified Bidders, in each case, along with their representatives and professionals, or such other parties as the Debtor (in consultation with the Consultation Parties) shall determine, shall attend the Auction (such attendance to be in person); provided, however, that any creditor may attend (but not participate in) the Auction if such creditor provides the Debtor with written notice of its intention to attend the Auction on or before the Bid Deadline. Such written notice must be sent to counsel for the Debtor via electronic mail, to David R. Hurst at dhurst@coleschotz.com. In addition, only the Stalking Horse Purchaser and other Qualified Bidders will be entitled to make Bids at the Auction. The Debtor and its professionals shall direct and preside over the Auction and the Auction shall be transcribed. The Stalking Horse Purchaser (in its capacity as a Bidder) and each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures, (c) is bound and intends to be bound by its Stalking Horse Agreement or Modified Asset Purchase Agreement (as defined in the Bidding Procedures), as applicable, and intends to be bound by any modifications to such agreement made during the Auction, and (d) has consented to the core jurisdiction of the Court.

17. Subject to the rights of parties in interest to (i) challenge the sale or the sale process, (ii) challenge the Debtor's decisions with respect to the sale process and (iii) argue that such decisions are not governed by the "business judgment" standard, or (iv) such other

rights as such parties may have under applicable law, the Debtor may, after consultation with the Consultation Parties, (I) select, in its business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer and the Successful Bidder, and (II) reject any bid that, in the Debtor's business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Bidding Procedures or (c) contrary to the best interests of the Debtor and its estate, creditors, interest holders or parties in interest.

18.    The Debtor will file a Notice of Successful Bidder and Auction Results as soon as practicable after the Auction and no later twenty-four (24) hours after the close of the Auction.

19.    <u>Bid Protections</u>. The Expense Reimbursement is approved on the terms set forth in the Stalking Horse Agreement, as modified by this Order; the Stalking Horse Purchaser shall not be entitled to a Break-Up Fee. Upon the consummation of a Sale Transaction to any party other than the Stalking Horse Purchaser, the Debtor shall pay the Stalking Horse Purchaser in cash from the proceeds of such Sale Transaction an Expense Reimbursement of up to $150,000; <u>provided, however</u>, that the Stalking Horse Purchaser must provide reasonable documentation to support any claimed Expense Reimbursement to the Debtor, the Committee and the U.S. Trustee before payment of such reimbursement by the Debtor. To the extent the Stalking Horse Purchaser becomes entitled to the Expense Reimbursement in accordance with this Order, the Stalking Horse Purchaser is hereby granted an allowed administrative claim in this Chapter 11 Case pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code for such Expense Reimbursement. The Bidding Procedures and Expense Reimbursement are reasonable and appropriate and represent the best method for maximizing value for the benefit of the

Debtor's estate. For the avoidance of doubt, to the extent that the term "Bid Protections" is used in this Order, the Bidding Procedures and/or the Stalking Horse Agreement, such term shall mean only the Expense Reimbursement as set forth in this paragraph.

20. <u>Sale Objections</u>. Objections to (a) the sale of the Acquired Assets, and (b) the assumption and assignment of the Assigned Contracts to the Successful Bidder, shall be in writing, state the basis of such objection with specificity and be filed with the Court on or before **July 10, 2015 at 4:00 p.m. (Eastern Time)** (the "<u>Sale Objection Deadline</u>"), and served so as to be received by such objection deadline by the Notice Parties.

21. Failure to file a Sale Objection on or before the Sale Objection Deadline shall be deemed to be consent for purposes of section 363(f) of the Bankruptcy Code.

22. <u>Adequate Assurance Procedures and Objections</u>. Non-Debtor parties to Assigned Contracts shall file with the Court any objections to adequate assurance of future performance, including any such objections based upon the inability of the Stalking Horse Purchaser to provide adequate assurance, on or before the Sale Objection Deadline, and serve the Notice Parties with such objections so as to be received by such parties on or before such objection deadline.

23. To the extent that the Successful Bidder is not the Stalking Horse Purchaser, no later twenty-four (24) hours after the close of the Auction, the Debtor shall serve adequate assurance information provided by the Successful Bidder on the non-Debtor parties to the Assigned Contacts or their counsel (if known) via electronic mail (for parties that have consented to service by electronic mail) or overnight courier. Objections based upon the ability of any Successful Bidder who is not the Stalking Horse Purchaser to provide adequate assurance of future performance shall be in writing, state the basis of such objection with specificity and be

filed with the Court on or before **July 22, 2015 at 4:00 p.m. (Eastern Time)**, and served so as to be received by such objection deadline by the Notice Parties.

24.    Sale Hearing. The hearing (the "Sale Hearing") to consider approval of the Debtor's entry into and consummation of transactions with the Successful Bidder, including the assumption and assignment of the Assigned Contracts, shall be held on **July 23, 2015 at 10:00 a.m. (Eastern Time)**, unless rescheduled to a later date in accordance with the Bidding Procedures.

25.    The failure of any objecting person or entity to timely file its objection in accordance with the deadlines provided in this Order shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the sale of the Acquired Assets (including the transfer free and clear of all liens, claims, encumbrances and interests and the assumption and assignment of any executory contracts contemplated by a Successful Bid).

26.    If the Successful Bidder does not close the approved sale, the Debtor may retain the Successful Bidder's Good Faith Deposit (as defined in the Bidding Procedures) as liquidated damages (along with any other rights available under applicable law); and in consultation with the Committee, may elect to close the sale with the Backup Bidder (as defined in the Bidding Procedures) or, alternatively, may present any other bid, whether made prior to or at the Auction, to the Court for approval.

27.    The Debtor is authorized to take all actions necessary and appropriate to implement and effectuate the relief granted pursuant to this Order in accordance with the Motion and to expend such sums of money and do other things as may be necessary and appropriate to comply with the requirements established by the Bidding Procedures and this Order.

28. The Debtor is authorized to conduct the Sale Transaction without the necessity of complying with any state or local bulk transfer laws or requirements.

29. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 6006(d) or other applicable law, this Order shall not be stayed after the entry hereof and shall be effective immediately upon signature hereof.

30. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: June 19, 2015
Wilmington, Delaware

_____
The Honorable Brendan Linehan Shannon
Chief United State Bankruptcy Judge

53653/0001-11867820v5