**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 14-12818 (BLS) |
| Egenix, Inc., | ) | |
| | ) | **Re: Docket Nos. 246, 271, 310, 311** |
| Debtor. | ) | |

**DECLARATION OF MANAGER OF BANTAM PHARMACEUTICAL, LLC**
**IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING (A) THE SALE**
**OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF**
**LIENS, CLAIMS, AND ENCUMBRANCES; AND (B) ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

I, Lionel Goldfrank III, declare as follows:

1.      I am a Manager of Bantam Pharmaceutical LLC, a Delaware limited liability company ("Bantam"), the proposed purchaser of substantially all of the Debtors' assets in this chapter 11 case.  I submit this declaration (the "Declaration") in support of the proposed sale to Bantam of the Acquired Assets.[1]

2.      Bantam complied in all respects with the terms and conditions of the *Order (I) Approving Bidding Procedures In Connection With The Sale Of Substantially All Of The Debtor's Assets Pursuant To Sections 363 And 365 Of The Bankruptcy Code; (II) Approving Bid Protections; (III) Scheduling An Auction And Hearing To Consider Approval Of The Sale; And (IV) Approving Notice Of Respective Date, Time And Place For Auction And For Hearing On Approval Of The Sale And The Assumption And Assignment Of Certain Executory Contracts* ("Bidding Procedures").

3.      Bantam submitted and entered into the Asset Purchase Agreement dated as of July 20, 2015 ("APA") among Bantam and the debtor, Egenix, Inc. ("Egenix") without collusion, in good faith and on an arms' length basis.  I certify that: (i) Bantam recognized that Egenix was

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the APA (as defined below).

free to deal with any other party interested in purchasing the Acquired Assets; (ii) Bantam agreed to subject its bid to the competitive bid procedures set forth in the Bidding Procedures; (iii) Bantam disclosed all payments to be made in connection with the APA; (iv) the negotiation and execution of the APA was at arm's-length and in good faith, and at all times each of Bantam was represented by competent counsel of its choosing; and (v) Bantam has not acted in a collusive manner with any person.  Bantam will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the APA ("Sale Transaction").

4.       Bantam has not engaged in any conduct that would cause or permit the APA to be avoided under 11 U.S.C. § 363(n).  Specifically, Bantam has not acted in a collusive manner with any person or entity and Bantam did not enter into any agreement with another bidder that controlled the purchase price of the Acquired Assets.

5.       Bantam's members are Lionel Goldfrank III, Victor F. Keen, John T. Reid, W. James Tozer, Jr. and David C. Clapp (collectively, "Members"), of which Messrs. Goldfrank, Keen and Tozer are members of Bantam's Board of Managers.  The Members include directors, a Board Observer, Special Committee members and a former Special Committee Observer of Egenix.

6.       Bantam did not in any way induce or cause the chapter 11 filing of Egenix.

7.       Bantam would not have entered into the APA and will not consummate the Sale Transaction, including the assumption and assignment of the Assumed Agreements, (i) if the transfer of the Acquired Assets were not free and clear of all Liens of any kind or nature whatsoever, including rights or claims based on any successor or transferee liability, (ii) if Bantam would, or in the future could, be liable for any Liens or Excluded Liabilities, including

rights or claims based on any successor or transferee liability; or (iii) if Bantam and its Members did not receive the Bantam Release. Bantam will not consummate the Sale Transaction, including the assumption and assignment of the Assumed Agreements, unless this Court expressly orders that none of Bantam, its affiliates, its present or contemplated members, or the Acquired Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or equity, or by payment, setoff, or otherwise, directly or indirectly, any rights or claims based on any successor or transferee liability.

8.      Bantam has authorized the execution and delivery of the APA, the purchase of the Acquired Assets, and the assumption of the Assumed Liabilities. Bantam has all of the authority necessary to consummate the Sale Transaction.

9.      The Assumed Agreements being assigned to Bantam are an integral part of the Acquired Assets being purchased by Bantam. Bantam would not have entered into the APA and will not consummate the Sale Transaction if the Assumed Agreements are not assigned to Bantam.

10.     Bantam's purchase of the Acquired Assets will be funded by equity capital provided by its Members.

11.     I estimate that, after the Closing, Bantam will have adequate available liquidity to operate its business going forward.

12.     In light of Bantam's financial and operational wherewithal as set forth in paragraph 11 above, I believe that Bantam has established adequate assurance of its future performance with respect to any Assumed Agreements.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 22, 2015

Lionel Goldfrank III
Manager of Bantam Pharmaceutical, LLC

#05181632

4